1

## DECLARATION OF STEPHEN J. JOBE

2      I, Stephen J. Jobe, Unit Chief, Legal Forfeiture Unit (LFU),

3  Office of the General Counsel, Federal Bureau of Investigation (FBI)

4  in Washington, D.C., state as follows:

5      1.   I am currently employed as Unit Chief of the Legal

6  Forfeiture Unit, Office of the General Counsel, at FBI Headquarters

7  in Washington, D.C., and in that capacity am familiar with the

8  administrative forfeiture proceedings relating to property seized by

9  the FBI.

10     2.   In my capacity as Unit Chief, I am responsible for

11  providing legal oversight of the FBI's forfeiture program, reviewing

12  non-judicial administrative forfeiture actions for legal sufficiency,

13  executing declarations of forfeiture in administrative forfeiture

14  actions determined to be legally sufficient, and ensuring that the

15  FBI's forfeiture program complies with all pertinent statutes and

16  federal regulations.

17     3.   Pursuant to Title 18, United States Code (U.S.C.), Section

18  983, in all non-judicial forfeiture proceedings, the Government is

19  required to send written notice of the seizure and intent to forfeit

20  the property to interested parties no more than sixty days after the

21  date of seizure of the property subject to forfeiture. If the

22  identity or interest of a party is not determined until after the

23  seizure but is determined before a declaration of forfeiture is

24  entered, the Government must send notice of the forfeiture action to

25  the interested party not later than sixty days after the

26  determination by the Government of the identity of the party or the

27  party's interest. 18 U.S.C. Section 983(a)(1)(A)(v). The forfeiture

28  notice advises that to contest the forfeiture of the property in

1  United States District Court, a party must file a valid and timely

2  claim.

3       4.    Title 18 U.S.C. Section 983(a)(2) requires that a claim to

4  contest a forfeiture in non-judicial forfeiture proceedings must

5  identify the specific property being claimed; state the claimant's

6  interest in such property; and be made under oath subject to penalty

7  of perjury. Title 28, Code of Federal Regulations (C.F.R.), Section

8  8.10(b) requires that a claim must identify the specific property

9  being claimed; identify the claimant and state the claimant's

10 interest in the property; and be made under oath by the claimant, not

11 counsel for the claimant, and recite that it is made subject to

12 penalty of perjury, consistent with the requirements of 28 U.S.C.

13 Section 1746.

14      5.    Consistent with 28 C.F.R. Section 8.10(g), if the FBI

15 determines that a timely claim does not meet the requirements of 28

16 C.F.R. Section 8.10(b), the FBI will notify the claimant of the

17 determination and will allow the claimant a reasonable time to cure

18 the defect(s) in the intended claim. If the claimant timely cures the

19 deficiency, the FBI will refer the claim to the United States

20 Attorney's Office for judicial forfeiture proceedings, and the

21 administrative forfeiture proceeding ceases. If the requirements of

22 28 C.F.R. Section 8.10(b) are not met within the allowed time, the

23 claim is void and the FBI will continue administrative forfeiture

24 proceedings as if no claim was filed.

25      6.    The claim deadline has not yet expired. The claim deadline

26 for parties to whom personal notice was mailed is the date stated in

27 the notice letters. The earliest claim deadline set forth in personal

28 notice is June 24, 2021. The claim deadlines for other unidentified

1  parties who have not received written notice by personal letter are

2  the deadlines set forth in the internet publications at

3  www.forfeiture.gov. The earliest deadline set forth by the internet

4  publication is August 3, 2021.

5      Pursuant to Title 28, United States Code, Section 1746, I

6  declare under penalty of perjury that the foregoing is true and

7  correct and that this declaration is executed on June 21 2021 in

8  Washington, D.C.

Stephen J. Jope

13