Name: Benjamin N. Gluck, Esq. State Bar No. 203997
Address: 1875 Century Park East, 23rd Floor
City, State, Zip: Los Angeles, California 90067-2561
Phone: (310) 201-2100
Fax: (310) 201-2110
E-Mail: bgluck@birdmarella.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RICHARD ROE

PLAINTIFF(S),

v.

UNITED STATES OF AMERICA, et al.,

DEFENDANT(S).

CASE NUMBER:

2:21-cv-02919-RGK (MAR)

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _____Richard Roe_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

## Criminal Matter

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

## Civil Matter

☒ Order (specify):
   Re: Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _July 23, 2021_. Entered on the docket in this action on _July 23, 2021_.

A copy of said judgment or order is attached hereto.

September 17, 2021                    /s/ Benjamin N. Gluck
Date                                  Signature
                                      ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02919-RGK-MAR | Date | July 23, 2021 |
|---|---|---|---|
| Title | *Richard Roe v. United States of America et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [DE 24]

## I.  INTRODUCTION

On April 5, 2021, an individual proceeding under the fictitious name Richard Roe ("Plaintiff")[1] filed a complaint against (1) the United States of America, (2) Tracy L. Wilkinson in her official capacity as Acting United States Attorney for the Central District of California, and (3) Kristi Koons Johnson in her official capacity as the Assistant Director in Charge of the Los Angeles Field Office of the FBI (collectively, "Defendants," or "the Government"). Plaintiff asserts claims for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure ("Rule 41(g)"), and for violation of Plaintiff's rights under the Fourth and Fifth Amendments of the Constitution.

Plaintiff's claims arise from the Government's allegedly unlawful seizure and search of Plaintiff's personal property which was located in a safe deposit boxes on the premises of non-party United States Private Vaults.

Presently before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ("Motion") (ECF No. 24). For the reasons that follow, the Court **GRANTS** Defendants' Motion.

---

[1] Plaintiff filed this lawsuit under a fictious name, and makes no representations about Plaintiff's gender, to protect herself or himself from the risk of criminal prosecution, harassment, retaliation, and embarrassment. (Complaint ¶ 5, ECF No. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02919-RGK-MAR | Date | July 23, 2021 |
|---|---|---|---|
| Title | *Richard Roe v. United States of America et al* | | |

## II. FACTUAL BACKGROUND

Unless otherwise noted, the following factual background is drawn from Plaintiff's complaint:

Non-party United States Private Vaults ("USPV") offers its customers a unique service. The company, located at a strip mall in Beverly Hills, California, rents safe deposit boxes. But USPV's offerings, designed to provide customers with increased privacy and security, differ from those available at a typical bank in several material ways. First, USPV identifies its customers through encrypted biometric information—an iris scan—and does not use other personal identifying information related to its customers. Second, USPV does not keep keys to its customers' boxes. Customers maintain all keys to their boxes and can access the vault containing their boxes only through an iris scan or biometric hand geometry scan. Third, USPV offers 24/7 monitoring by the ADT security company as well as onsite motion detectors, heat sensors, and other sophisticated security measures to detect the presence of intruders after regular business hours. Finally, USPV offers insurance for each safe deposit box up to $500,000 per box.

USPV has between 600 and 1000 safe deposit boxes which it rents to hundreds of different customers. Plaintiff rented one of those boxes, where Plaintiff kept some personal property.

USPV's business model attracted the Government's attention. A grand jury indicted USPV for conspiring with its customers to launder money, distribute drugs, and structure financial transactions to avoid currency reporting requirements. (Motion at 3). From March 22, 2021 through March 26, 2021, federal law enforcement agents acting at the direction of the United States Attorney's Office ("USAO") for the Central District of California conducted a search of USPV and seized every safe deposit box contained in the facility.

On March 24, 2021, counsel for Plaintiff requested a copy of the warrant authorizing the search and seizure operations at USPV and the return of Plaintiff's property. But the Assistant U.S. Attorney in charge of the investigation refused to provide a copy of the warrant unless counsel disclosed Plaintiff's name, which was unknown to USPV and the Government.

Plaintiff alleges on information and belief that the Government intends to refuse the return of property to any USPV box holder who refuses to waive his or her Fifth Amendment right against self-incrimination. Specifically, Plaintiff alleges that the Government intends to subject every box holder that comes forward to claim his or her property to a criminal investigation. Only if Plaintiff (and other box owners) can convince the USAO that they legally obtained their property will the Government return it to them. Thus, for Plaintiff to vindicate his or her Fourth Amendment right to be free from unreasonable searches and seizures, Plaintiff must forego his or her Fifth Amendment right against self-incrimination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| Case No. | 2:21-cv-02919-RGK-MAR | Date | July 23, 2021 |
|---|---|---|---|
| Title | *Richard Roe v. United States of America et al* | | |

Since March 26, 2021, USPV's Beverly Hills storefront has been closed. Affixed to the door is a sign that bears the seal of the FBI and states: "Please go to the following link to initiate a claim for your US Private Vaults box: **forms.fbi.gov/uspvclaims**[.]" (Compl. ¶ 17). The website, in turn, states: "To make a claim for property stored at U.S. Private Vaults in Beverly Hills, California, please provide the following information. An FBI agent will contact you for additional details." Below this statement is a form that requires a claimant to provide his or her first name, middle name, last name, and "best contact number." (*Id.* ¶ 18).

To date, Plaintiff's property remains in the Government's possession. Though Plaintiff's property is not contraband, Plaintiff has no possible method to recover the property seized by the Government unless Plaintiff subjects herself or himself to criminal investigation by identifying herself or himself to the Government.

### III. JUDICIAL STANDARD

#### A. 12(b)(1): Dismissal for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989). A party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdiction. *Kingman Reef Atoll Investments, L.L.C. v. United States,* 541 F.3d 1189, 1197 (9th Cir. 2008).

#### B. Dismissal for Failure to State a Claim Upon Which Relief Can be Granted

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal,* 556 U.S. at 678. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly,* 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must accept well-pled factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Autotel v. Nev. Bell. Tel. Co.,* 697 F.3d 846, 850 (9th Cir. 2012). Dismissal "is appropriate only where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02919-RGK-MAR | Date | July 23, 2021 |
|---|---|---|---|
| Title | *Richard Roe v. United States of America et al* | | |

complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

### IV.  DISCUSSION

The Government moves to dismiss Plaintiff's Complaint on two grounds. First, the Government argues that the Court lacks subject matter jurisdiction. Second, the Government argues that Plaintiff fails to state a claim upon which relief can be granted. For the reasons that follow, the Court agrees with the Government's second argument and therefore dismisses Plaintiff's two claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[2]

The Federal Rules of Civil Procedure establish a system of notice pleading. To advance past the pleading stage, notice pleading requires a complaint to put the defendant on notice of the plaintiff's claims. To that end, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, Plaintiff's Complaint does not put the Government on fair notice of the grounds upon which Plaintiff's claims rest.

Plaintiff alleges that Plaintiff rented one of the 600 to 1,000 boxes at USPV, and that the Government seized and retains the property located in Plaintiff's box. Plaintiff's second claim is for violations of the Fourth and Fifth Amendment arising from the Government's seizure of Plaintiff's

---

[2]  Though the Government argues that the Court must dismiss this action for lack of subject matter jurisdiction, this argument is doubly deficient. First, the Government's jurisdictional argument is based solely on Plaintiff's claim for return of property under Rule 41(g). The Government argues that the Court lacks jurisdiction over that claim and must therefore dismiss the entire action. This argument ignores the fact that Plaintiff also alleges a claim under the Fourth and Fifth Amendments, over which it appears the Court has federal question jurisdiction. Second, the Government cites Ninth Circuit law for the proposition that courts should deny Rule 41(g) motions, which are equitable in nature, when an adequate remedy at law exists. *See United States v. Elias*, 921 F.2d 870, 871, 875 (9th Cir. 1990) (affirming district court's denial of Rule 41 motion for return of property where property owner had an adequate remedy at law). Here, however, the Government's argument is premature. Though Plaintiff asserts a *claim* for return of property, Plaintiff did not file a *motion* for return of property. Thus, whether Plaintiff has an adequate remedy at law, and whether the Court has jurisdiction "to fashion an equitable remedy to secure justice for [Plaintiff]," are not properly before the Court at this juncture. *See United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-02919-RGK-MAR | Date | July 23, 2021 |
|---|---|---|---|
| Title | *Richard Roe v. United States of America et al* | | |

property. And Plaintiff's first claim is for the return of that seized property. Taking Plaintiff's allegations as true, the Government may well have violated Plaintiff's constitutional rights and may well be required to return that property to Plaintiff. But Plaintiff fails to put the Government on fair notice of the grounds upon which Plaintiff's claims rest because the Complaint does not indicate which box Plaintiff rented or which property Plaintiff seeks to have returned.

There is no real dispute that many of the boxes at USPV were "clean"—containing non-contraband personal property—and that some were "dirty"—containing illicit drugs and other contraband. Were Plaintiff to inform the Government which box Plaintiff claims a property interest in, the Government could determine whether to return the property because it is "clean," or defend this suit on the grounds that the property is "dirty." But Plaintiff fails to provide even this minimal notice of the nature of Plaintiff's claims. The Government is therefore left to guess as to which of the seized items allegedly belong to Plaintiff, and which of the 600 to 1,000 boxes housed Plaintiff's property.

Because Plaintiff's Complaint does not provide the Government with adequate notice of the identity of the property that provides the basis for Plaintiff's claims, Plaintiff has failed to state a claim for return of property and violations of the Fourth and Fifth Amendment.

**V.  CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Government's Motion.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____